UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA JEFFREY TRUEBLOOD,

Plaintiff,

v.

OFFICER SGT. CAPPOLA, *et al.*,

Defendants.

CASE NO. 3:19-cv-05816 RBL-JRC

ORDER DENYING MOTION TO APPOINT MEDICAL EXPERT

This matter is before the Court on an untitled document filed by plaintiff that the Clerk's Office docketed as a "Motion for Court Order for Professional Opinion by Hospital." Dkt. 10. The Court interprets the document as a motion for the appointment of a medical expert under Federal Rule of Evidence 706. Because this matter is at an early stage with no pending matters requiring an expert witness's assistance, the request for appointment of a medical expert is denied without prejudice.

///

///

ORDER DENYING MOTION TO APPOINT MEDICAL
EXPERT - 1

## DISCUSSION

Plaintiff brings this matter *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. *See* Dkt. 1. After filing an amended complaint alleging that unlawful conditions of confinement caused plaintiff to contract hepatitis (*see* Dkt. 9), plaintiff filed a document requesting that the Court order a professional medical opinion or test to determine "the scar[r]ing of the liver" so that plaintiff could establish when he contracted hepatitis. *See* Dkt. 10, at 2.

The Court interprets plaintiff's request as one for the appointment of an expert witness. *See* Fed. R. Evid. 706. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," among other requirements. *See* Fed. R. Evid. 702(a). Rule 706(a) provides "discretion [for the Court] to appoint a neutral expert witness." *Claiborne v. Blauser*, 934 F.3d 885, 901 n.7 (9th Cir. 2019). The expert is entitled to compensation set by the Court, which is payable "by the parties in the proportion and at the time that the court directs[.]" *See* Fed. R. Evid. 706(c)(2).

However, at present, plaintiff's case is at an extremely early stage and there are no particular factual determinations or pending matters with which a trier of fact requires special assistance. There are no pending dispositive motions; indeed, defendants have not yet appeared. *See* Dkt. Thus, plaintiff's motion for appointment of an expert witness is denied without prejudice, meaning that plaintiff may bring it again, at a later stage in the litigation.

Dated this 12th day of November, 2019.

J. Richard Creatura
United States Magistrate Judge