UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA J. TRUEBLOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER SGT. CAPPOLA, *et al.*,<br><br>        Defendants. | CASE NO. 3:19-cv-05816 RBL JRC<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL AND TO SERVE PROCESS OF SUMMONS AND COMPLAINT |

    This matter is before the Court on plaintiff's motion to appoint counsel (Dkt. 14) and "to serve process of summons and complaint." Dkt. 18. Plaintiff's motion to appoint counsel is denied without prejudice, meaning that plaintiff may renew it at a later date if plaintiff can show the exceptional circumstances necessary to justify the appointment of counsel. Plaintiff's motion "to serve process of summons and complaint" is denied as defendants have been sent the complaint and have each waived service of summons.

## BACKGROUND

Plaintiff, who proceeds *pro se* and *in forma pauperis* (*see* Dkt. 5), brought this matter under 42 U.S.C. § 1983 in September 2019. *See* Dkt. 1. He alleges deliberate indifference by three corrections officers, which plaintiff believes resulted in him contracting a disease during his incarceration. *See* Dkt. 9.

The Court directed service of plaintiff's amended complaint on the three named defendants (*see* Dkt. 3), each of whom have now returned waivers of service of summons. *See* Dkts. 22–24. An attorney has also appeared and is representing the three defendants. *See* Dkt. 21.

## MOTION TO APPOINT COUNSEL

Plaintiff requests that this Court appoint counsel to represent him. *See* Dkt. 14.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $ 292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

1   Here, plaintiff has not raised novel or particularly complex issues—rather, his complaint raises fairly straightforward issues involving whether corrections officers were deliberately indifferent to his safety in violation of the Eighth Amendment. *See* Dkt. 9. Moreover, at this early stage in the proceedings, when defendants have yet to file any answer or motion, the Court cannot say that there is a likelihood of success on the merits.

Plaintiff asserts that he has little knowledge of the law as a basis to grant counsel. Dkt. 14, at 1. However, circumstances that are common to *pro se* plaintiffs—such as lack of legal training—do not amount to the exceptional circumstances necessary to appoint counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Plaintiff also notes that he is diagnosed with post-traumatic stress disorder and that he is unable to contact his witnesses as reasons to appoint counsel. *See* Dkt. 14, at 1. While the Court is cognizant of the difficulties presented by plaintiff's condition and incarceration, so far, plaintiff has been able to adequately litigate his case and present his claims, including amending his complaint in response to the Court's show cause order. *See* Dkt. 7. Moreover plaintiff has not explained or presented information regarding why he is unable to contact witnesses or how the difficulties that he cites have hampered him from presenting his case so far. Nor has plaintiff explained why the options in the Federal Rule of Civil Procedure—which permit a party to seek discovery of non-privileged matters relevant to his case and proportional to his case's needs—are inadequate. *See* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 30 (regarding depositions by oral examination), 31 (depositions by written questions), 33, (interrogatories), and 34 (requests for production of documents). Therefore, the Court finds that plaintiff's concerns do not at this time amount to the exceptional circumstances necessary to justify the appointment of pro bono counsel.

Plaintiff also states that his institution does not have a law library. *See* Dkt. 14, at 1. A plaintiff's statement that he lacks law library access, standing alone, will not automatically result in the appointment of counsel. *See, e.g.*, *Williams v. Waddington*, C07-5216 RBL-KLS, 2007 WL 2471674, at *1 (W.D. Wash. Aug. 29, 2007) (finding that plaintiff had not shown that the legal issues in his case were complex or that he was unable to articulate his claims pro se, even though he could not access a law library); *Moore v. Philips*, 10-cv-3273, 2010 WL 5067823, at *2 (C.D. Ill. Dec. 7, 2010) (the fact that there was no law library access did not merit the appointment of counsel at an early stage in the litigation); *Long v. Doe*, 08-cv-478-SLC, 2008 WL 4950080, at *2 (W.D. Wisc. Nov. 18, 2008) (although lack of access to a law library would make prosecution of his case more difficult, under the circumstances, it would not prevent plaintiff from litigating his case). Some districts have noted additional circumstances, beyond the mere lack of law library access, that could merit granting such a request. *See Alvarez v. Kristo*, cv-08-2226-PHX-DGC, 2009 WL 539676, at *1 (D. Ariz. March 4, 2009) (in addition to no law library access, petitioner presented a novel and significant issue and there were no other available forms of legal assistance); *see also Covarrubias v. Gower*, C-13-4611 (EMC), 2014 WL 342548, at *1 (N.D. Cal. Jan. 28, 2014) (noting that there was no indication of a lack of other options, such as a legal paging system or ability to transfer to an institution with a law library). Here, however, plaintiff does not demonstrate that lack of access to a law library has prevented him from litigating his case.

For these reasons, the Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Because the denial of plaintiff's motion to appoint counsel is without prejudice, plaintiff may renew his motion at a later time, if he is able to establish the exceptional circumstances warranting appointment of counsel.

**MOTION FOR SERVICE TO BE DIRECTED**

Plaintiff also requests that the Court serve the summons and complaint upon the three named defendants. *See* Dkt. 18, at 1. As noted, the Court has already directed that the complaint, notice of lawsuit, and request for waiver of service of summons be sent to all defendants, each of whom has returned a signed waiver of service of summons. *See* Dkts. 16, 22–24. Defendants have 60 days from November 13, 2019—that is, January 12, 2020—to file an answer or motion under Federal Rule of Civil Procedure 12. *See, e.g.*, Dkt. 24, at 1. Therefore, plaintiff's motion for service (Dkt. 18, at 1) is denied as moot.

**CONCLUSION**

Plaintiff's motion for the appointment of counsel (Dkt. 14) is denied without prejudice. Plaintiff's motion for service (Dkt. 18) is denied.

Dated this 13th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge