1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10 JOSHUA J. TRUEBLOOD,

11            Plaintiff,

12     v.

13 OFFICER SGT. CAPPOLA, et al.,

14            Defendant.

CASE NO. 3:19-cv-05816-RBL-JRC

ORDER ON PLAINTIFF'S
SECOND MOTION TO APPOINT
COUNSEL

15

16
      This matter is before the Court on plaintiff's second Motion to Appoint Counsel. *See* Dkt.

17 28. On December 13, 2019, this Court denied plaintiff's first motion to appoint counsel (Dkt. 14)

18 because plaintiff had not demonstrated exceptional circumstances. Dkt. 27. Two weeks later, on

December 26, 2019, plaintiff filed the second motion to appoint counsel. Dkt. 28. As plaintiff has

19 not set forth any additional evidence supporting his motion, and has not provided any additional

20 reasons, the motion is again denied.

21
      In seeking appointment of counsel, plaintiff states the following reasons:

22
      (1) The correctional facility where plaintiff resides does not have a law library;

23
      (2) Plaintiff is proceeding IFP and cannot afford a lawyer;

24

(3) The issues are complex;

(4) Plaintiff has contacted pro bono attorneys who declined to represent him;

(5) Plaintiff has limited knowledge of the law.

Dkt. 28, at 1-2. In the December 13th Order, this Court addressed these same issues in denying plaintiff's motion:

> There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $ 292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*
>
> Here, plaintiff has not raised novel or particularly complex issues—rather, his complaint raises fairly straightforward issues involving whether corrections officers were deliberately indifferent to his safety in violation of the Eighth Amendment. *See* Dkt. 9. Moreover, at this early stage in the proceedings, when defendants have yet to file any answer or motion, the Court cannot say that there is a likelihood of success on the merits.
>
> Plaintiff asserts that he has little knowledge of the law as a basis to grant counsel. Dkt. 14, at 1. However, circumstances that are common to *pro se* plaintiffs—such as lack of legal training—do not amount to the exceptional circumstances necessary to appoint counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).
>
> [ . . . . ]
>
> Plaintiff also states that his institution does not have a law library. *See* Dkt. 14, at 1. A plaintiff's statement that he lacks law library access, standing alone, will not automatically result in the appointment of counsel. *See, e.g.*, *Williams v. Waddington*, C07-5216 RBL-KLS, 2007 WL 2471674, at *1 (W.D. Wash. Aug. 29, 2007) (finding that plaintiff had not shown that the legal issues in his case were complex or that he was unable to articulate his claims pro se, even though he could not access a law library); *Moore v. Philips*, 10-cv-3273, 2010 WL 5067823,

at *2 (C.D. Ill. Dec. 7, 2010) (the fact that there was no law library access did not merit the appointment of counsel at an early stage in the litigation); *Long v. Doe*, 08-cv-478-SLC, 2008 WL 4950080, at *2 (W.D. Wisc. Nov. 18, 2008) (although lack of access to a law library would make prosecution of his case more difficult, under the circumstances, it would not prevent plaintiff from litigating his case). Some districts have noted additional circumstances, beyond the mere lack of law library access, that could merit granting such a request. *See Alvarez v. Kristo*, cv-08-2226-PHX-DGC, 2009 WL 539676, at *1 (D. Ariz. March 4, 2009) (in addition to no law library access, petitioner presented a novel and significant issue and there were no other available forms of legal assistance); *see also Covarrubias v. Gower*, C-13-4611 (EMC), 2014 WL 342548, at *1 (N.D. Cal. Jan. 28, 2014) (noting that there was no indication of a lack of other options, such as a legal paging system or ability to transfer to an institution with a law library). Here, however, plaintiff does not demonstrate that lack of access to a law library has prevented him from litigating his case.

Dkt. 27, at 2-4.

Plaintiff has not provided any additional evidence to support his motion, except that he included the letters from attorney's declining to take his case. *See* Dkt. 28, at 3-6. This Court previously notified plaintiff that denying his motion *without prejudice* means that plaintiff may renew his motion at a later date if he is able to establish exceptional circumstances. *See* Dkt. 27, at 4. Plaintiff's current motion is again being denied *without prejudice*. However, plaintiff should not file a new motion for counsel by merely repeating the reasons that have already been denied.

Accordingly, plaintiff's Motion for the Appointment of Counsel (Dkt. 28), is hereby DENIED without prejudice.

Dated this 24th day of January, 2020.

J. Richard Creatura
United States Magistrate Judge