UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA J. TRUEBLOOD,

            Plaintiff,

   v.

OFFICER SGT. CAPPOLA, *et al.*,

            Defendants.

CASE NO. 3:19-cv-05816-RBL-JRC

ORDER ON MISCELLANEOUS DISCOVERY MOTIONS

    Plaintiff proceeds *pro se* and *in forma pauperis* in this case brought under 42 U.S.C. § 1983. The matter is before the Court on plaintiff's motions for the Court to "enter facts into evidence" (Dkt. 30), "for production of documents" (Dkt. 36), "for subpoena of recorded video footage" (Dkt. 37), and "for subpoena of witness statements." Dkt. 38. The Court addresses plaintiff's motions in turn.

**I. Motion to Enter Facts into Evidence**

    Plaintiff requests that the Court "enter facts into [an] evidence log." *See* Dkt. 30, at 1. His "facts" consist of a document written by plaintiff that sets forth various factual allegations in support of his claims. *See* Dkt. 30.

As there is not currently any pending dispositive motion, plaintiff's attempt to establish "facts" in this matter is premature. The Court interprets plaintiff's motion as a request to have his document docketed in this matter, which the Clerk's Office has already done. Plaintiff's motion is therefore denied as moot. If plaintiff wishes to provide the Court with an affidavit should this matter proceed to summary judgment, plaintiff may do so.

## II. Motion for Production of Documents

Plaintiff requests that defendants provide a list of documents. *See* Dkt. 36. As this request is directed to defendants, not the Court, plaintiff's motion is denied.

Plaintiff is cautioned that he should not serve discovery through the Court but should directly serve his discovery requests on parties. "[D]iscovery requests and responses must not be filed unless they are used in the proceedings or the court orders filing." Local Civil Rule 5(d). Plaintiff should also be aware that if he requests Court intervention in discovery disputes by filing a motion for an order compelling discovery, he must comply with Local Civil Rule 37's meet and confer requirement, or his motion will be denied:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding *pro se*, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in [L]CR 11 of these rules.

## III. Motion for Subpoena of Recorded Video Footage

Plaintiff requests that the Court "grant plaintiff[']s motion for a subp[oe]na of recorded video footage of the R-4 Unit of the Washington Correction[s] Center on the day of August 13,

2019." Dkt. 37, at 1. Defendants oppose the request on the basis that the video footage does not exist. Dkt. 41. However, their opposition is premature—and their reliance on authority regarding *serving* subpoenas is not persuasive—because no subpoena has yet been issued and served.

Upon a party's request, "[t]he clerk *must* issue a subpoena, signed but otherwise in blank[.]" Fed. R. Civ. P. 45(a)(3) (emphasis added). Typically, the requesting party would then complete the subpoena and serve it. *See* Fed. R. Civ. P. 45(a)(3). Federal Rule of Civil Procedure 45 contains detailed requirements for the form, contents, and service of such a subpoena, as well as the appropriate procedure for objecting to, moving to quash, or moving to modify a subpoena. Rule 45 also authorizes the imposition of appropriate sanctions on a party who fails to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

Plaintiff's motion is interpreted as a request for the Clerk's Office to issue a subpoena and is granted. The Clerk's Office shall issue the appropriate blank subpoena form to plaintiff.

### IV. Plaintiff's Motion for Subpoena of Witness Statements

Plaintiff requests that the Court "grant plaintiff[']s motion for the subp[oe]na of witness statements from" five other prisoners. *See* Dkt. 38, at 1. Defendants object and argue that the Federal Rules of Civil Procedure do not allow a subpoena for witness statements. *See* Dkt. 40, at 2.

Plaintiff's request is denied because there is no provision in Rule 45 for a subpoena to command a third party to write a witness statement. Rule 45's options are to require the subpoena's target to "attend and testify," "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control," or "permit the

inspection of premises." *See* Fed. R. Civ. P. 45(a)(1)(A)(iii); *see, e.g.*, *Johnson v. Dovey*, No. 1:08-cv-00640-LJO-DLB PC, 2010 WL 1957278, at *1 (E.D. Cal. May 14, 2010) ("A subpoena duces tecum cannot be used to order the production of an affidavit.")). There is no option for requiring a witness to write a statement, although the Civil Rules otherwise include provisions allowing a plaintiff to take a third-person's deposition by the use of written questions. *See* Fed. R. Civ. P. 31; *but see* Fed. R. Civ. P. 31(a)(2) (prisoner must have leave of court to conduct a deposition by written questions if the parties have not stipulated to a deposition by written questions).

Because there is no subpoena for production of a third-party witness affidavit, there is no form that the Clerk can provide plaintiff, and his motion for subpoenas for witness statements (Dkt. 38) is denied.

**CONCLUSION AND DIRECTIONS TO CLERK**

Plaintiff's motion for subpoena of witness statements (Dkt. 38), motion for production of documents (Dkt. 36), and motion to enter facts into evidence (Dkt. 30) are denied. His motion for subpoena of video footage is interpreted as a request to issue a subpoena to produce documents, information, or objects, and is granted. *See* Dkt. 37. The Clerk's Office will issue plaintiff the appropriate signed, blank subpoena form.

Dated this 24th day of February, 2020.

J. Richard Creatura
United States Magistrate Judge