UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA J. TRUEBLOOD, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER SGT. CAPPOLA et al., <br><br> Defendant. | CASE NO. 3:19-cv-05816-RBL-JRC <br><br> ORDER ON PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL |

This matter is before the Court on plaintiff's third motion to appoint counsel. *See* Dkt. 46.

On December 13, 2019, this Court denied plaintiff's first motion to appoint counsel (Dkt. 14) because plaintiff had not demonstrated exceptional circumstances. Dkt. 27. On January 24, 2020, the Court denied plaintiff's second motion to appoint counsel (Dkt. 28) because plaintiff did not set forth any additional evidence or reasons supporting his motion. *See* Dkt. 35. On March 2, 2020, plaintiff filed his third motion to appoint counsel. *See* Dkt. 46. Having reviewed the motion and the balance of the record, the Court finds that the motion should be denied

without prejudice because plaintiff has demonstrated his ability to articulate his claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

**DISCUSSION**

In seeking appointment of counsel, plaintiff states the following reasons:

(1) Plaintiff cannot obtain, receive, or store any video footage that he needs to litigate this case;

(2) Plaintiff is unable to contact or locate witnesses;

(3) The case will require expert witness testimony of a medical professional;

(4) Plaintiff is unable to obtain documents needed from defendant;

(5) Plaintiff lacks legal experience and knowledge of complex discovery rules; and

(6) Potential credibility issues in the case support appointment of counsel.

*See* Dkt. 46, 1–2.

Defendants oppose plaintiff's motion for appointment of counsel stating that (1) plaintiff is capable of articulating his claims *pro se*; (2) plaintiff has not demonstrated that his allegations involve complex issues; and (3) plaintiff has failed to demonstrate a likelihood of success on the merits. *See* Dkt. 52, at 2.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the

ability of plaintiff to articulate claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. The need for discovery does not necessarily qualify the issues involved in a case as "complex." *Id.*

Here, plaintiff has not raised novel or particularly complex issues—rather, his complaint raises fairly straightforward issues involving whether corrections officers were deliberately indifferent to his safety in violation of the Eighth Amendment. *See* Dkt. 9. Further, based on plaintiff's instant motion (Dkt. 46) and his amended complaint (Dkt. 9), and further evidenced by plaintiff's motions filed in this case (*see, e.g.*, Dkts. 36–38, 47–49), the Court finds that plaintiff has clearly articulated the basis for his constitutional allegations. Plaintiff's "lack of legal experience and [lack of] knowledge of complex discovery rules" (Dkt. 46, at 2) do not amount to the exceptional circumstances necessary to appoint counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). Further, plaintiff asserts "credibility issue[s] might arise" in this case that support appointment of counsel. Dkt. 46, at 2. Credibility is frequently at issue in litigation, is not novel or unique to this case, and does not rise to the level of "exceptional circumstances" that warrant the appointment of counsel. *See Rand*, 113 F.3d at 1525.

Moreover, while plaintiff's claims may have merit, there are no pending dispositive motions in this case, and the discovery period and dispositive motions deadline have not yet passed. *See* Dkt. 34. Thus, it is still too early in this case for the Court to make a determination as to plaintiff's likelihood of success on the merits. Because of this, plaintiff has not yet demonstrated the exceptional circumstances necessary for the Court to order appointment of counsel.

Regarding discovery issues in this case, plaintiff asserts that he is unable to properly conduct discovery without the appointment of counsel. *See* Dkt. 46, 1–2. Plaintiff asserts that he

is unable to "obtain, receive, or store any video footage . . . [that] plaintiff needs to litigate his case." Dkt. 46, at 1. Plaintiff also asserts that he is "unable to contact or to locate case witnesses." *Id.* at 1–2. Plaintiff further asserts that he is unable "obtain documents needed from defendants," therefore, appointment of counsel would "help make discovery possible for [] plaintiff." *Id.* at 2. However, plaintiff does not state what attempts, if any, he has made to determine or locate potential witnesses, nor does plaintiff state what attempts he has made to request documents from defendants. Additionally, plaintiff does not state whether there are no other means for him to view any video footage other than to obtain a physical copy of any such video footage.

The Court acknowledges plaintiff's need for discovery, however, plaintiff is able to identify potential witnesses and request documents by directly serving discovery requests on defendants. *See, e.g.*, Fed. R. Civ. P. 33(a) (a party may serve on any other party no more than 25 written interrogatories); Fed. R. Civ. P. 34(a) (a may serve on any other party written requests to produce and permit the requesting party to inspect or copy documents or electronically stored information within the responding party's possession, custody, or control). Further, plaintiff has not identified how the potential discovery at issue is so complex that it requires the appointment of counsel at this time. *See Wilborn*, 789 F.2d at 1331 n. 5 ("the need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues").

Plaintiff also asserts that his case will require medical expert testimony. *See* Dkt. 46, at 2. Plaintiff does not provide additional evidence supporting this reason for appointment of counsel. Although medical expert testimony could well be appropriate at a later date, and although plaintiff may be able to establish a likelihood of success on the merits at a later stage of litigation, the Court finds that, at this stage, plaintiff has a sufficient grasp of the facts and law

underlying his case such that he can adequately articulate his claims.  Although it may be easier for plaintiff to prosecute his case with the assistance of counsel, convenience alone is not enough to warrant appointment of counsel.

Additionally, plaintiff may motion the Court pursuant to Rule 706(a) of the Federal Rules of Evidence to appoint a neutral medical expert to aid in the Court's understanding of the evidence.  Plaintiff previously motioned the Court to appoint an expert witness.  *See* Dkt. 10.  The Court denied plaintiff's prior motion *without prejudice*, meaning that plaintiff may renew the motion again at a later stage in the litigation.  *See* Dkt. 15.  Accordingly, plaintiff may renew his motion for the Court to appoint of an expert witness upon a showing of the complexity of medical evidence in this case.  *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.)*, cert. granted, judgment vacated sub nom. Helling v. McKinney*, 502 U.S. 903, 112 S. Ct. 291, 116 L. Ed. 2d 236 (1991), and *judgment reinstated*, 959 F.2d 853 (9th Cir. 1992).  However, plaintiff should not file a new motion to appoint an expert witness by merely repeating the reasons that have already been denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion for appointment of counsel (Dkt. 46) is hereby DENIED without prejudice.  Plaintiff may renew his motion at a later date if he is able to establish exceptional circumstances.

Dated this 21st day of April, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S THIRD MOTION TO
APPOINT COUNSEL - 5