UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA J. TRUEBLOOD,

    Plaintiff,

v.

OFFICER SGT. CAPPOLA et al.,

    Defendant.

CASE NO. 3:19-cv-05816-RBL-JRC

ORDER ON MISCELLANEOUS DISCOVERY MOTIONS

Plaintiff proceeds *pro se* and *in forma pauperis* in this case brought under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's three discovery motions: motion "for a computer tech expert" (Dkt. 47), motion "for a litigation hold on computer data," (Dkt. 48), and motion "for a production of HAZ-MAT [sic] clean up records." Dkt. 49. The Court addresses plaintiff's motions in turn.

**I.     Motion for a Computer Tech Expert**

Plaintiff requests that the Court appoint a "computer tech expert to obtain any and all spoliated evidence, corrupted or deleted files, and[/]or video for the day of August 13th, 2019."

Dkt. 47, at 2. Defendants oppose this request on the basis that a computer tech expert would not resolve the issue that the video footage does not exist, as it was not retained beyond the 30-day retention period. Dkt. 51, at 2. However, defendants state that "out of an abundance of caution," they have requested a second review for surveillance video to be conducted to ensure that it was not retained for another purpose. *Id.* Defendants further oppose this request on the basis that plaintiff has failed to properly engage in discovery; therefore, plaintiff has no facts to support the conclusion that defendants have deleted any files or failed to adequately retain records related to the claims in his case. *Id.*

Plaintiff's request is denied because plaintiff alleges no facts to support the Court's appointment of a computer tech expert at this time. Plaintiff alleges that all "files . . . are suppose[d] to be stored for a period of 3 years before being destroyed." Plaintiff further concludes that because the video footage sought no longer exists after 6 months, this "clearly shows [that] the defendants [have] something to hide." Plaintiff cites no authority for his conclusion that files are to be stored for three years and plaintiff's allegations regarding the wrongful destruction of evidence are speculative and do not establish that defendants improperly destroyed or failed to retain documents or video footage related to plaintiff's claims in this case.

Furthermore, to the extent that plaintiff has failed to request any documents or information beyond his request for video footage, plaintiff's motion is denied as premature. As previously noted in the Court's February 24, 2020, Order (Dkt. 43), plaintiff is cautioned that he should not direct discovery requests through the Court but should directly serve his discovery requests on defendants. "[D]iscovery requests and responses must not be filed unless they are used in the proceedings or the court orders filing." Local Civil Rule 5(d). Plaintiff should also be aware that if he requests Court intervention in discovery disputes by filing a motion for an

order compelling discovery, he must first meet and confer with defense counsel in accordance with Local Civil Rule 37, or his motion will be denied:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding *pro se*, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in [L]CR 11 of these rules.

Local Rule 37(a)(1).

Although the Court declines to grant plaintiff's request, the Court reminds defendants of their to duty to preserve all documentary and electronically relevant to plaintiff's claims in this case. *See* Fed. R. Civ. P. 37(e); *E.E.O.C. v. Fry's Elec., Inc.*, 874 F. Supp. 2d 1042, 1044 (E.D. Wash. 2012); *see also Leon v. IDX Sys. Corp.*, No. C03-1158P, 2004 WL 5571412, at *3 (W.D. Wash. 2012) *aff'd*, 464 F.3d 951 (9th Cir. 2006).

**II. Motion for a Litigation Hold On Computer Data**

Plaintiff requests a "litigation hold on computer data in the R-4 Unit of the Washington Correctional Center [("WCC")] for the month of August 2019." Plaintiff's motion is denied because all parties are inherently required to preserve relevant documents and electronically stored information upon reasonable anticipation of litigation. *See* Fed. R. Civ. P. 37(e); *Fry's Elec., Inc.*, 874 F. Supp. at 1044; *see also Leon*, 2004 WL 5571412, at *3.

Accordingly, all parties are charged with the responsibility of preserving evidence from spoliation and will be required to produce the evidence, upon reasonable notice, to other parties in this litigation who may need to examine such evidence. Plaintiff is cautioned that he must

directly serve his discovery requests on defendants regarding documents or "computer data" stored on WCC computers. *See supra*, Section I.

**III. Motion for a Production of Hazmat Clean Up Records**

Plaintiff requests production of "[hazmat] clean up records for the day of August 13th, 2019." Dkt. 49, at 1. As this request appears to be directed to defendants, and plaintiff does not allege that he previously requested these records, plaintiff's motion is denied.

As discussed above (*see supra*, Section I), plaintiff is cautioned that he should not direct discovery requests through the Court but should directly serve his discovery requests on defendants. The Court further cautions plaintiff that his continued failure to meet and confer with defendants regarding discovery requests may warrant Court action against plaintiff, including sanctions. *See* Local Rule 11(c).

**CONCLUSION**

Plaintiff's motion for a computer tech expert (Dkt. 47), motion for a litigation hold on computer date (Dkt. 48), and motion for production of hazmat clean up records (Dkt. 49) are DENIED.

Dated this 21st day of April, 2020.

J. Richard Creatura
United States Magistrate Judge