UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA J. TRUEBLOOD,

          Plaintiff,

v.

OFFICER SGT. CAPPOLA, *et al.*,

          Defendants.

CASE NO. 3:19-cv-05816-RBL-JRC

ORDER ON MOTIONS FOR EXPERT WITNESS AND FOR SUBPOENAS

This matter is before the Court on plaintiff's motions for an expert witness and for subpoenas. *See* Dkts. 55, 56. Plaintiff's motion for an expert witness is denied and his motion for subpoenas is granted, as set forth below.

**I.  Motion for Subpoenas**

Plaintiff requests that the Court issue subpoenas for witness testimony from other former prisoners at the institution where the alleged events took place. *See* Dkt. 55. Defendants oppose the request on the basis that the matter is not yet set for trial, that the Court has the "inherent

power" to refuse to order and serve *pro se* subpoenas, and that plaintiff has not provided sufficient information under Fed. R. Civ. P. 45 to issue a subpoena. *See* Dkt. 57.

Upon a party's request, "[t]he clerk *must* issue a subpoena, signed but otherwise in blank[.]" Fed. R. Civ. P. 45(a)(3) (emphasis added). Typically, the requesting party would then complete the subpoena and serve it. *See* Fed. R. Civ. P. 45(a)(3). Federal Rule of Civil Procedure 45 contains detailed requirements for the form, contents, and service of such a subpoena, as well as the appropriate procedure for objecting to, moving to quash, or moving to modify a subpoena.

Plaintiff's motion is interpreted as a request for the Clerk's Office to issue a subpoena and is granted. Plaintiff should be aware that if his subpoenas impose an undue burden or expense on a person subject to a subpoena, the Court "must" impose an appropriate sanction on plaintiff. Fed. R. Civ. P. 45(d)(1). Plaintiff should also be aware that at present, no trial has been scheduled for this matter, and that the Court's practice is to wait until after any dispositive motions have been filed and ruled upon before setting a trial date (if necessary).

The Clerk's Office shall issue the appropriate blank subpoena forms to plaintiff.

**II. Motion to Appoint Medical Expert**

Plaintiff's complaint brings deliberate indifference claims against various Department of Corrections employees on the basis that he was forced to wear sewage-contaminated shoes, even though employees knew that he had open cuts on his feet, and that he contracted hepatitis as a result. *See* Dkt. 9, at 12. No dispositive motions have yet been filed in this matter, although the deadline to do so is July 20, 2020. *See* Dkt. 34.

Plaintiff now requests that the Court appoint a medical expert to show that he contracted hepatitis from exposure to sewage in August 2019. *See* Dkt. 56. Defendants assert that a

medical expert is not necessary because plaintiff has not provided any medical records or other information from which the Court can determine whether the issue requires a medical expert and because whether or not plaintiff contracted hepatitis is an issue related to the amount of possible damages, not whether defendants—who are not medical professionals—were deliberately indifferent to plaintiff's serious medical needs. *See* Dkt. 58.

Federal Rule of Evidence 702 allows for an expert witness to testify about matters if, among other requirements, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Parties may call their own expert witnesses. In additional, Federal Rule of Evidence 706 authorizes the Court to "order the parties to show cause why expert witnesses should not be appointed[.]" Fed. R. Evid. 706(a). The expert so appointed is entitled to such reasonable compensation as the court may allow, and, in a civil case, unless funds have been provided by law to pay the compensation, the compensation is "paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706(b).

Here, plaintiff proceeds in forma pauperis and, presumably, is not able to compensate an expert witness. Nor does the *in forma pauperis* statute, 28 U.S.C. § 1915, either provide for the payment of fees and expenses for witnesses (*see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993)), or for the waiver of such fees and expenses. *See Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir.1997). Under such circumstances, the district court has the discretion to appoint an expert and apportion all costs of compensation to one side. *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.), *vacated and remanded on other grounds*, 502 U.S. 903 (1991).

1       At this point in the proceedings, no dispositive motions have been filed, and the Court has not yet had the opportunity to review the parties' evidence and arguments in the context of a summary judgment motion.  The Court finds that at this time, it is premature to decide whether the appointment of a medical expert is warranted because the Court has not yet reviewed whether the issues are so complex as to require the testimony of an expert to assist the trier of fact.  Accordingly, plaintiff's motion for appointment of a medical expert will be denied without prejudice to plaintiff's renewing such motion, or the Court *sua sponte* considering such appointment, at an appropriate later date.  *Accord Wallace v. Dep't of Corr.*, No. 319CV05330RJBJRC, 2019 WL 3944315, at *1 (W.D. Wash. Aug. 21, 2019).

## CONCLUSION

The motion to subpoena witnesses is interpreted as a motion for subpoena forms and is granted.  *See* Dkt. 55.  The Clerk's Office shall provide plaintiff with four blank subpoena forms for a witness to appear and testify in a civil trial or hearing.  The motion to appoint an expert witness (Dkt. 56) is denied without prejudice.

Dated this 20th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge