UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA J. TRUEBLOOD,

          Plaintiff,

v.

OFFICER SGT. CAPPOLA,

          Defendant.

CASE NO. 3:19-cv-05816-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 19, 2021

This 42 U.S.C. § 1983 civil rights matter is before the Court on referral to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff has not participated in this matter since October 2020. Since then, plaintiff has not updated his address with the Court, he has failed to comply with the Court's orders, and he has not responded to his appointed attorney's attempts to establish contact or done anything to indicate his intent to prosecute his case. Therefore, the Court recommends that the District Court

REPORT AND RECOMMENDATION - 1

dismiss plaintiff's action without prejudice for failing to prosecute his case and for not complying with Court orders.

## BACKGROUND

Plaintiff filed this action in September 2019. *See* Dkt. 1. After filing numerous pleadings in early 2020, plaintiff has not filed anything with the Court since October 19, 2020, when he last updated his mailing address. *See* Dkts. 8, 10–14, 18–20, 25, 30, 36–38, 44–45, 47–50, 55–56, 59, 71, 77. On April 28, 2021, defendant filed a motion to dismiss for failure to prosecute. Dkt. 81. The Court denied the motion without prejudice and appointed counsel to represent plaintiff. *See* Dkt. 85. The Court ordered the parties to file a joint status report addressing certain matters—including whether plaintiff intended to continue with his claims. *See* Dkt. 85, at 4.

On June 3, 2021, plaintiff's counsel and defendant filed a joint status report in which they notified the Court that plaintiff's counsel was unable to contact plaintiff, and they requested additional time for plaintiff's counsel to establish contact. *See* Dkt. 88, at 1. The Court granted the request and ordered the parties to file a joint status report by September 2, 2021. Dkt. 89. On September 2, 2021, plaintiff's counsel and defendant filed a second joint status report, in which plaintiff's counsel again stated that he was unable to establish contact with plaintiff. *See* Dkt. 91. Defendant indicated in the joint status report that he was renewing his motion to dismiss. *See id.* at 2. However, defendant has not filed a motion in accordance with Local Court Rule 7(b). Finally, since the Court appointed counsel, orders mailed by the Court Clerk's office to plaintiff's address were returned as undeliverable. *See* Dkts. 86, 90.

## DISCUSSION

**I.     Legal Standard**

Rule 41(b), of the Federal Rules of Civil Procedure, allows a Court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any Court

REPORT AND RECOMMENDATION - 2

order. *See also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) ("The district court has the inherent power sua sponte to dismiss a case for lack of prosecution."). When considering a motion to dismiss for lack of prosecution, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citing *Henderson*, 779 F.2d at 1423).

### 1. Public Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtaluna v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, because plaintiff has not filed anything with the Court for more than a year, this factor weighs in favor of dismissal.

### 2. Court's Need to Manage the Docket

The Court has provided plaintiff ample opportunities to inform the Court whether he intended to prosecute his case and he has failed to comply. *See* Dkts. 85, 89. Plaintiff also failed to comply with the Local Rules by not updating the Court with his address. *See* LCR 41(b)(2). Therefore, this factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d 639 at 642 ("It is incumbent on the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

### 3. Risk of Prejudice to Defendant

"Unreasonable delay creates a presumption of injury to the defense." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court finds that plaintiff's delay is unreasonable because he has not filed anything in over a year to indicate that he

is interested in prosecuting his case. Plaintiff has also not presented anything to rebut the presumption of injury to defendant. Therefore, this factor weighs in favor of dismissing the action.

### 4. Public Policy Favoring Disposition of Cases on Their Merits

Disposition of this case on the merits weighs against dismissing the action. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (noting that the public policy favoring resolution on the merits "is particularly important in civil rights cases").

### 5. Availability of Less Drastic Sanctions

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. The Court has previously denied defendant's motion to dismiss for failure to prosecute and provided plaintiff's counsel two extensions to establish contact. *See* Dkts. 85, 89. Based on plaintiff's counsel's representation that he has been unable to contact plaintiff through multiple means (Dkt. 91, at 1), the fact that the Court's mail to plaintiff was returned as undeliverable (Dkts. 86, 90), and because plaintiff has not filed anything in this case for more than a year, the Court does not believe that plaintiff will comply with any future orders. Therefore, this factor weighs in favor of dismissal. However, the less drastic measure is to dismiss without prejudice.

After weighing the relevant factors and reviewing the record, a dismissal for lack of prosecution and for failing to follow the Court's orders is warranted and appropriate. The dismissal should be without prejudice.

### CONCLUSION

For the reasons set forth above, the Court recommends that the District Court dismiss plaintiff's action without prejudice for failure to prosecute and comply with the Court's orders.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 19, 2021,** as noted in the caption.

Dated this 1st day of November, 2021.

J. Richard Creatura
Chief United States Magistrate Judge